IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE ALBERT EVERETTS, <br><br> Plaintiff <br><br> v. <br><br> MICHAEL WALTEMIRE, SHAUN SMITH, JOHN DOE #1, JOHN DOE #2, and BUTLER COUNTY, <br><br> Defendants. | 21-cv-1209-NR-LPL <br><br> District Judge J. Nicholas Ranjan <br><br> Magistrate Judge Lisa Pupo Lenihan |

## ORDER

This is a *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. It was referred to Magistrate Judge Lisa Pupo Lenihan for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1) and the Local Rules of Court applicable to Magistrate Judges.

Currently before the Court is Judge Lenihan's Report & Recommendation (ECF 100) pertaining to Defendants' partial motion to dismiss (ECF 79), as well as Mr. Everetts's objections to the R&R (ECF 102). The Court considers the portions of the R&R to which Mr. Everetts objected under a *de novo* review, while it reviews the unchallenged portions only for clear error. Fed. R. Civ. P. 72(b). After carefully considering Judge Lenihan's opinion, the parties' arguments, and the applicable law, the Court overrules Mr. Everetts's objections and adopts Judge Lenihan's Report & Recommendation as the opinion of the Court.

I.  **Mr. Everetts's objections are overruled.**

In his objection, Mr. Everetts insists that the officers "[came] up with a plan to get evidence from [him]" in a conspiratorial way. ECF 102, p. 3. However, the Court agrees with Judge Lenihan that nothing in the complaint suggests that Mr. Everetts

1

could plausibly state a conspiracy claim here. And he may not use his objections as a vehicle to expound upon factual allegations. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record.").

Moreover, the alleged conspiracy's aim – taking Mr. Everetts's footprints – was legal under the Fourth Amendment because Mr. Everetts was under arrest at the time.[1] The Court agrees with Judge Lenihan that taking oil-blot samples of footprints is akin to fingerprinting a suspect. That is, it is a "routine administrative step incident to arrest[.]" *See Maryland v. King*, 569 U.S. 435, 461 (2013). As far as the Constitution is concerned, the police's ability to "book" suspects is not limited to post-arraignment, as Mr. Everetts suggests. *Id.* Otherwise, "inmates would have to sit in jails for days or weeks before they could even be booked into the facility." ECF 105, p. 3. At bottom, Mr. Everetts suffered no constitutional harm from the search.

---

[1] A finding that Mr. Everetts's arrest was invalid in this case would necessarily challenge the validity of his underlying criminal conviction. "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Here, Mr. Everetts pled guilty in the associated state criminal case. *Commonwealth v. Everetts*, CP-10-CR-0000800-2020 at Dkt. p. 7. This conviction has not "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* Therefore, Mr. Everetts cannot recover damages as to this claim under Section 1983. *Id. See also Coello v. DiLeo*, 43 F.4th 346, 353 (3d Cir. 2022) ("That requirement is rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments, as well as a desire to avoid allowing collateral attacks on criminal judgments through civil litigation." (cleaned up)).

Mr. Everetts also objects to Judge Lenihan's dismissal of his request for punitive damages, as he argues that punitive damages are available for suits against officers in their individual capacity, and he has alleged both individual and official-capacity claims.  ECF 71, pp. 2-3.  He's right, but Judge Lenihan didn't appear to dismiss his request for punitives entirely. The Court construes Judge Lenihan's recommendation to dismiss the punitive damages allegations as applying only to the claims against the officers in their official capacity, and agrees with that assessment.

## II.     There is no clear error in Judge Lenihan's opinion.

Mr. Everetts did not object to the remainder of Judge Lenihan's report.  The Court therefore reviews Judge Lenihan's other determinations only for clear error. Based on this standard, the Court can discern no clear error, and so will adopt the unobjected-to portions of the report as well.

**\* \* \***

For the foregoing reasons, the Report & Recommendation submitted by Judge Lenihan is hereby **ADOPTED** as the opinion of this Court, and  Defendants' partial motion to dismiss is **GRANTED** in part and **DENIED** in part.

DATE:  March 8, 2023                              BY THE COURT:

                                                                                          */s/ J. Nicholas Ranjan*
                                                                                          United States District Judge