IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE ALBERT EVERETTS, ) | |
| ) | |
| ) | 2:21-CV-1209 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JEFFERY KENGERSKI ) | |
| and TYLER TRACY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are objections Mr. Everetts raises to the Court's summary-judgment decision (ECF 323), which have been docketed as a motion for reconsideration (ECF 327). These objections were filed after the deadline for the filing of any objections to the R&R, and so the Court construes them as a motion for reconsideration and will analyze them initially according to that standard.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovery evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (cleaned up). To succeed on a motion for reconsideration, a party must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* Reconsideration "is an extraordinary remedy," which "should be granted sparingly." *Hartshorn v. Throop Borough*, No. 07-1333, 2009 WL 1323577, at *1 (M.D. Pa. May 7, 2009). New evidence "does not refer to evidence that a party obtains or submits to the court after an adverse ruling." *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Instead, new evidence in the reconsideration context "means

evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id.*

Mr. Everetts raises two arguments. First, he objects to the dismissal of the retaliation claim "because the act was instant [retaliation] after the plaintiff attempted to serve SGT Waltemire a copy of his complaint/Waiver of USMS." ECF 327, p. 1. Second, he objects to the dismissal of his denial-of-medical-aid claim "because the forms were fraudulent & the video evidence is not disputable and proves the claim," and "the video evidence can not be disputed and proves claim." *Id.*

Neither argument warrants reconsideration. Mr. Everetts doesn't point to any intervening changes in controlling law, doesn't cite to newly discovered evidence (only evidence that was previously available on the record), and the Court already reviewed the report and recommendation for clear error and found none. ECF 323. As such, reconsideration is not warranted here.

Additionally and alternatively, the Court considers Mr. Everetts's objections *de novo*, and finds that they still fail.

As to the retaliation claim, on a *de novo* review of the record, the Court concludes that the Magistrate Judge correctly determined that Mr. Everetts offered no competent evidence that (1) Defendant Waltemire was personally involved in Defendant Smith's issuance of the misconduct; (2) Defendant Smith was aware of Mr. Everetts's attempt to serve Defendant Waltemire; and (3) Mr. Everetts's attempt to serve Defendant Waltemire was Defendant Smith's motivation to issue a misconduct to Mr. Everetts. ECF 318, pp. 19-22.

As to the denial-of-medical-care claim, the Court has reviewed the relevant portions of the record (including watching the relevant video) and agrees with the Magistrate Judge's conclusions—namely, that Mr. Everetts was not suffering from a serious medical need and refused to accept treatment from the nurse. ECF 318, pp. 17-19 & n.8.

- 3 -

For the foregoing reasons, Mr. Everetts's motion for reconsideration (ECF 327) is **DENIED**.

Dated: August 20, 2025                                BY THE COURT:

cc:                                                              /s/ J. Nicholas Ranjan
Shane Albert Everetts                                United States District Judge
238 W Cunningham Street
Apt. 6
Butler, PA 16001